**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4426**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JEFFEREY TODD INGRAM,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:22-cr-00195-LCB-1)

---

Submitted:  May 21, 2024                        Decided:  May 23, 2024

---

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Edward Eldred, LAW OFFICE OF AMOS TYNDALL PLLC, Carrboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jefferey Todd Ingram pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). The district court sentenced Ingram to 140 months' imprisonment, below the Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether the district court erred in sentencing Ingram as a career offender. Ingram has filed a pro se supplemental brief, contending that his sentence is procedurally and substantively unreasonable. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. We apply "a presumption of reasonableness to a sentence within or below a properly calculated guidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

2

We conclude that Ingram's sentence is procedurally and substantively reasonable. The district court did not err in concluding that Ingram's prior controlled substance convictions qualified as career offender predicates. *See United States v. Ward*, 972 F.3d 364, 367 (4th Cir. 2020) (rejecting defendant's argument that Virginia controlled substance offense did not qualify as career offender predicate because "Virginia law defines controlled substances more broadly than federal law"). We discern no other procedural error. Ingram argued for a lesser sentence because he committed his offense to pay back a drug debt, only took a relatively small sum, and did not brandish a firearm. The district court credited these arguments, but explained that a significant sentence was still necessary because Ingram had committed multiple prior robberies. And we conclude that Ingram cannot overcome the presumption of reasonableness accorded his below-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Ingram, in writing, of the right to petition the Supreme Court of the United States for further review. If Ingram requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ingram.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*